JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:     jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTONIO TORRES-FELIX, et al., | Case No. C 07-4827 SI |
| Plaintiff, | PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| ROSEMARY MELVILLE, District Director, United States Citizenship and Immigration Services, | |
| Defendant. | |

## I. NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION

Notice is hereby given that on November 30, 2007 at 9:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Susan Illston, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 10, plaintiffs will move the Court for a preliminary injunction requiring defendant, the District Director the United States Citizenship and Immigration Services (USCIS), to adjudicate plaintiffs' visa petition and applications for adjustment of status.

This motion will be based upon this motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument as the Court may hear on the matter.

1

## II. FACTS

Plaintiffs Antonio Torres-Felix and Rosalinda Lopez are husband and wife, and plaintiff Edgar Antonio Torres is their son. Antonio Torres-Felix is a citizen of the United States and plaintiffs Rosalinda Lopez and Edgar Antonio Torres are citizens of Mexico.

Plaintiff Rosalinda Lopez is the beneficiary of an approved immediate relative petition filed on her behalf by plaintiff Antonio Torres-Felix . On June 15, 2004 plaintiff Antonio Torres-Felix petitioned the USCIS to accord plaintiff Edgar Antonio Torres immediate relative status. *See*, Complaint, Exhibit A.

On June 15, 2004 plaintiffs Rosalinda Lopez and Edgar Antonio Torres applied for adjustment of status on June 15, 2004, and on January 20, 2005 they were interviewed by an immigration officer. *See*, Complaint, Exhibit B. The USCIS has not adjudicated plaintiffs' petition and applications. Plaintiffs have brought this action to compel the USCIS to take action on their immigration case.

## III. STATUTORY AUTHORITY

8 U.S.C. §1154(a)(1)(A)(i) vests defendant with the authority to accord immediate relative status under 8 U.S.C. §1151(b)(2)(A)(i) to the alien spouse or child of a United States citizen. To accord immediate relative status a United States citizen is required to file a petition on a Form I-130 with the USCIS in accordance with the provisions of 8 C.F.R. §204.1.

8 U.S.C. §§1255(a) and (i) vests defendant with discretion to adjust an alien's status to that of an alien lawfully admitted for permanent residence. To apply for adjustment of status an alien is required to file an application on Form I-485 in accordance with the provisions of 8 C.F.R. §245.2. If applying for adjustment of status pursuant to 8 U.S.C. §1255(i), an alien must also comply with the provisions of 8 C.F.R. §245.10.

28 U.S.C. §1331 vests the Court with subject matter jurisdiction over plaintiffs' complaint.

28 U.S.C. §1361 provides that district courts have original jurisdiction of any action in the

nature of mandamus to compel an agency to perform a duty owed to a plaintiff. 5 U.S.C.§706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

### IV. PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

There is no provision made for administrative review of the USCIS' alleged unlawful activity. Plaintiffs have exhausted their administrative remedies.

### VI. DEFENDANT HAS FAILED TO DISCHARGE HIS DUTY

28 U.S.C. §1361 vests the Court with discretion to grant mandamus relief if (1) plaintiffs' claim is clear and certain; (2) the duty of the INS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Mandamus relief is appropriate in plaintiffs' case. Plaintiffs' claim is clear and certain and the USCIS' duty to adjudicate their petition and application so plainly prescribed as to be free from doubt.

The visa petition plaintiff Antonio Torres-Felix filed on behalf of plaintiff Rosalinda Lopez has been approved.

The visa petition filed on behalf of plaintiff Edgar Antonio Torres, and the applications for adjustment of status filed by plaintiffs Rosalinda Lopez and Edgar Antonio Torres, have been pending for more than three years. The USCIS has not notified plaintiffs that their petition and applications were improperly filed, that their evidence is deficient, or challenged plaintiffs' statutory eligibility for the immigration benefits they seek.

While plaintiffs concede that no statute or regulation establishes an exact period of time in which the USCIS must act, time parameters do exist. 5 U.S.C. §555(b) dictates that the USCIS must proceed to conclude action on plaintiffs' petition and application within "a reasonable time". Congressional intent to compel agency action wrongfully withheld is manifested in the provisions of 5 U.S.C. §706(1) which vest the Court with authority to compel agency action unlawfully

withheld or unreasonably delayed.

The USCIS has had ample opportunity to conduct whatever investigation it deemed appropriate in plaintiffs' case. The time for investigation has ended. It is respectfully submitted that the USCIS should now be enjoined to act. The USCIS should be enjoined to complete its adjudication of the visa petition filed on behalf of plaintiff Edgar Antonio Torres, and the applications for adjustment of status filed by plaintiffs Edgar Antonio Torres and his Rosalinda Lopez.

### VII. IRREPARABLE INJURY AND THE NEED FOR INJUNCTIVE RELIEF

In the Ninth Circuit the tests for determining the propriety of issuing a preliminary injunction are whether the moving party has demonstrated either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Martin v Int'l Olympic Comm.*, 740 F.2d 670, 674-675 (9th Cir. 1984).

Plaintiffs' probability of success is substantial. There is no indication that plaintiffs are not eligible for the immigration benefits they seek. In the more than three years since plaintiffs' petition and applications were filed, the USCIS has not asserted that plaintiffs' petition and application were not filed in the manner prescribed by agency regulation. It has not asserted that plaintiffs' submissions do not establish their statutorily eligibility. The USCIS has not cited any derogatory factors that would militate against the favorable exercise of discretion.

The probability that plaintiffs will sustain irreparable injury if the USCIS is not enjoined to act is substantial.

The uncertainty plaintiffs suffer in not knowing if they will be permitted to live together legally in the United States has already exacted an emotional toll and is substantial.

Because plaintiffs are not lawfully admitted for permanent residence they must apply annually to work legally in the United States. The filing fee for an application for employment authorization is $340.00. 8 C.F.R. §103.7(b)(1).

Because plaintiffs are not lawfully admitted for permanent residence they may not depart the United States without suffering adverse legal consequences. A departure without advance permission from the USICS would constitute an automatic withdrawal of their applications. 8 C.F.R. §245.2(a)(4). To obtain permission to travel, plaintiffs must file an application for an advance parole. The decision to grant parole is discretionary, and the application requires the payment of a $305.00 filing fee. 8 C.F.R. §§212.5, 103.7(b)(1).

Even if granted an advance parole, a departure from the United States would render plaintiff Rosalinda Lopez inadmissible to the United States for ten years because she accrued more than one year of unlawful presence in the United States before her application was filed. 8 U.S.C. §1182(a)(9)(B).

Although plaintiff could apply for a waiver, she would be required to establish "extreme hardship", a legal standard she is not required to satisfy now. 8 U.S.C. §1182(a)(9)(B)(v). Moreover, an application for a waiver requires payment of a $545.00 filing fee.

Plaintiffs have been diligent in their efforts to obtain permanent residence. They have appeared as required by the USCIS and been interviewed. They have submitted the evidence the USCIS has required. It has been more than three years since their petition and applications were filed, and more than two years since their interview. The USCIS has failed to adjudicate the case.

The balance of hardships unquestionably tips in plaintiffs' favor. The USCIS suffers no hardship in discharging its legal duty. In contrast, as described above, plaintiffs suffer multiple hardships because their applications have not been adjudicated.

**VIII. CONCLUSION**

Based upon the foregoing it is respectfully submitted that the motion for a preliminary injunction should be granted and the USCIS enjoined to adjudicate plaintiffs' visa petition and applications for adjustment of status.

Dated: September 25, 2007

                                        Respectfully submitted,

                                        _____
                                        JONATHAN M. KAUFMAN
                                        Attorney for Plaintiffs