JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:     jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTONIO TORRES-FELIX; et al.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROSEMARY MELVILLE,<br>District Director, United States Citizenship and Immigration Services,<br><br>　　　　　Defendant.<br>_____/ | Case No. C 07-4827 SI<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |

**I. NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

Notice is hereby given that on March 14, 2008 at 9:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Susan Illston, United States District Judge, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 10, plaintiffs will move the Court for a summary judgment declaring that defendant Rosemary Melville, District Director of the San Francisco District Office of the United States Citizenship and Immigration Services (USCIS), has violated 8 U.S.C. Section 1255(a) and 8 C.F.R. Section 245.2 in her adjudication of plaintiff Rosalinda Lopez's application for adjustment of status, and enjoining defendant to complete adjudicate plaintiff's application.

This motion will be based upon this motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument

as the Court may hear on the matter.

## II. FACTS

Plaintiffs Antonio Torres-Felix and Rosalinda Lopez are husband and wife. Antonio Torres-Felix is a citizen of the United States and plaintiff Rosalinda Lopez is a citizen of Mexico.

Plaintiff Rosalinda Lopez is the beneficiary of an approved immediate relative petition filed on her behalf by plaintiff Antonio Torres-Felix. See Complaint, Exhibit A.

On June 15, 2004 plaintiff Rosalinda Lopez applied for adjustment of status. On January 20, 2005 she was interviewed by a USCIS adjudications officer. See Complaint, Exhibit B. The USCIS has not rendered a decision. Plaintiffs have brought this action to compel the USCIS to adjudicate plaintiff Rosalinda Lopez's application.

## III. STATUTORY AUTHORITY

8 U.S.C. Section1154(a)(1)(A)(i) vests the USCIS with the authority to accord immediate relative status under 8 U.S.C. Section 1151(b)(2)(A)(i) to the alien spouse of a United States citizen. To accord immediate relative status a United States citizen is required to file a petition on a Form I-130 with the USCIS in accordance with the provisions of 8 C.F.R. Section 204.1.

8 U.S.C. Section1255(a) vests the USCIS with discretion to adjust an alien's status to that of an alien lawfully admitted for permanent residence. To apply for adjustment of status an alien is required to file an application on Form I-485 in accordance with the provisions of 8 C.F.R. Section 245.2.

28 U.S.C. Section1331 vests the Court with subject matter jurisdiction over plaintiffs' complaint.

28 U.S.C. Section 1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an agency to perform a duty owed to a plaintiff.

5 U.S.C. Section 706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

Entry of summary judgment under Fed.R.Civ.P. 56(a) is warranted when, viewing the evidence

in the light most favorable to the non-moving party, there are no genuine issues of material fact and the party is entitled to a judgment as a matter of law. *Margolis v Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).

### III. DEFENDANT HAS FAILED TO DISCHARGE HER DUTY

The Administrative Procedures Act (APA) provides plaintiff with a cause of action to compel the USCIS to adjudicate her immigration application. 5 U.S.C. Section 555(b) dictates that the USCIS must proceed to conclude action on plaintiff's application within "a reasonable time". 5 U.S.C. Section 706(1) vests the Court with authority to compel agency action unreasonably delayed. *Norton v S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004).

28 U.S.C. Section 1361 vests the Court with discretion to grant mandamus relief if (1) plaintiffs' claim is clear and certain; (2) the duty of the INS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Mandamus relief is appropriate in plaintiff Rosalinda Lopez's case. Plaintiff's claim is clear and certain and the USCIS's duty to adjudicate her application so plainly prescribed as to be free from doubt.

The evidence confirms, and defendant admits, that plaintiff is the beneficiary of an approved immediate relative visa petition. See Complaint, Exhibit A; Answer ¶6. The evidence confirms, and defendant admits, that plaintiff's adjustment application was properly filed and the requisite fee paid on June 15, 2004. Defendant admits that plaintiff has been interviewed by a USCIS adjudications officer. See Complaint, Exhibit B; Answer,¶7.

While plaintiffs concede that no statute or regulation establishes an exact period of time in which the USCIS must adjudicate plaintiff's application, the APA compels the USCIS to act within "a reasonable time". This statutory language demonstrates that time parameters do exist.

In plaintiffs' case "a reasonable time" can be ascertained from the USCIS's own records. The agency publishes its processing dates on its internet web site. Plaintiff's was interviewed at the

1  USCIS office in San Jose, California. According to this USCIS record, the San Jose USCIS office
2  is now adjudicating applications for adjustment of status filed on July 19, 2007.  Plaintiff's
3  application was filed on June 15, 2004, more than forty-three months ago.  Plainiff's application has
4  been pending more than three years beyond the agency's current processing date. See
5  https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=70

6       The USCIS's failure to adjudicate exacts a financial and emotional toll on plaintiffs.

7       Plaintiff suffers obvious emotional hardship in not knowing if she will be permitted to live
8  legally in the United States with her husband and son.

9       Because plaintiff Rosalinda Lopez is not lawfully admitted for permanent residence she must
10 apply annually to obtain authorization to work legally in the United States.  The filing fee for an
11 application for an employment authorization document is $340.00. 8 C.F.R. Section103.7(b)(1).

12      Because plaintiff  is not lawfully admitted for permanent residence she may not depart the
13 United States without suffering adverse legal consequences. A departure without advance permission
14 from the USICS would constitute an automatic withdrawal of her application. 8 C.F.R. Section
15 245.2(a)(4). To obtain permission to travel, plaintiff must file an application for an advance parole.
16 The decision to grant parole is discretionary, and the application requires the payment of a $305.00
17 filing fee. 8 C.F.R. Sections 212.5 and 103.7(b)(1).

18      Moreover, plaintiff  would lose important procedural and substantive rights if she were
19 paroled into the United States. She would be considered "an arriving alien". 8 C.F.R. Section1.1(q).
20 Her constitutional rights would be significantly diminished. "[A]n alien seeking initial admission
21 to the United States requests a privilege and has no constitutional rights regarding is application, for
22 the power to admit or exclude aliens is a sovereign prerogative." *Landon v Plasencia*, 459 U.S. 21,
23 32 (1982).

24      Plaintiff has been diligent in her efforts to obtain permanent residence.  She has appeared as
25 required by the USCIS for fingerprint processing and an interview. She has submitted the evidence
26 the USCIS has required.

27

28                                                   4

1  Apparently, the adjudication of plaintiff's application has been delayed because the USCIS has
2  been unable to complete background security checks. The USCIS has had ample opportunity to
3  conduct whatever investigation it deemed appropriate. The time for investigation has ended.  It is
4  respectfully submitted that the USCIS should now be enjoined to act. A judgment should be entered
5  against the USCIS declaring that it has failed to adjudicate plaintiff's application within a reasonable
6  time. The USCIS should be enjoined the USCIS to adjudicate plaintiff Rosalinda Lopez's application
7  for adjustment of status.

## IV. CONCLUSION

Based upon the foregoing it is respectfully submitted that this motion should be granted.

Dated: January 30, 2008

                                                Respectfully submitted,

                                                _____
                                                JONATHAN M. KAUFMAN
                                                Attorney for Plaintiffs