JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:    jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTONIO TORRES-FELIX, et al., | Case No. C 07-4827 SI |
| Plaintiff, | PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT |
| vs. | Date: March 14, 2008<br>Time: 9:00 a.m. |
| ROSEMARY MELVILLE,<br>District Director, United States Citizenship and Immigration Services, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiffs submit the following opposition to defendant's cross motion for summary judgment.

## II. THE COURT HAS JURISDICTION TO GRANT PLAINTIFFS RELIEF UNDER THE APA

Defendant contends that plaintiffs seek discretionary relief that is unavailable under the Administrative Procedures Act (APA). Def's Motion, Pg. 6.

Plaintiffs do not seek discretionary relief; they seek to enjoin the USCIS to perform its statutory duty to adjudicate plaintiff's application within a reasonable time. The APA grants district courts jurisdiction to grant this relief. 5 U.S.C. § 706(1) grants district courts jurisdiction to compel agency action unreasonably delayed. As defendant knows, this Court as well as other courts in the

Northern District have concluded that district courts have jurisdiction under the APA to compel adjudication of an adjustment application unlawfully delayed. *Xiao v Gonzalez*, C 07-00556, 2007 U.S. Dist. LEXIS 69789 (N.D. Cal. Sept. 10, 2007), *Gelfer v Chertoff*, C 06-06724, 2007 U.S. Dist. LEXIS 26466 (N.D. Cal., Mar. 22, 2007), *Mahdvi v Gonzales*, C 07-02193, 2007 U.S. Dist. LEXIS 86300 (N.D. Cal. Nov. 21, 2007), *Shaik v Gonzales*, C 07-0506, U.S. Dist. LEXIS 88832 (N.D. Cal. Dec. 3, 2007). *Singh v Still*, 470 F.Supp.2d 1064, 1068 (N.D. Cal. 2007). It is respectfully submitted that this Court should affirm again that the APA vests it with jurisdiction to compel the USCIS to adjudicate an immigration application.

### III. DEFENDANT HAS FAILED TO ESTABLISH THAT THE DELAY IN THE ADJUDICATION OF PLAINTIFF'S APPLICATION IS REASONABLE

The uncontested evidence demonstrates a forty-four month delay in the adjudication of plaintiff's application. Plaintiff Rosalinda Lopez applied for adjustment of status in June, 2004 and the USCIS has, to date, failed to render a decision.

Plaintiffs have not contributed to delay. Rosalinda Lopez's application was properly filed. Plaintiffs have submitted the required evidence. They have appeared each and every time the USCIS has scheduled them to appear.

Defendant does not assert that plaintiff's application presents a particularly complicated case. As defendant admits, the visa petition has already been approved. Defendant has articulated one reason for the delay in the case; plaintiff's FBI name check is pending. Defendant admits that once the name check is completed plaintiff's application will be adjudicated. Def's Motion, Pg. 12, Robles Declaration, ¶7.

Defendant suggests that the USCIS is taking "active steps toward completing" plaintiff's background checks, and that the USCIS "is making every effort to complete adjudication." Def's Motion, Pg. 12. Defendant contends that the delay in adjudication of plaintiff's application is not egregious when measured against the factors articulated in *Telecomm. Research and Action Ctr. V FCC*, 750 F.2d 70 (D.C. Cir.1984) ("TRAC"). Defendant's reliance on TRAC is misplaced.

"What constitutes an unreasonable dely in the context of immigration applications depends to a great extent on the facts of the particular case." *Yu v Brown*, 36 F.Supp. 2d 922, 934 (D.N.M. 1999).

The USCIS's effort to obtain a name check from the FBI has been anything but diligent. According to Catarina Robles, Senior Adjudications Officer for the USCIS, an FBI name check was initiated on August 19, 2004, and on August 24, 2004 the USCIS received a response of "ERROR". According to Officer Robles, for <u>eighteen months</u> the agency took no action to correct the "ERROR". Officer Robles does not explain the eighteen month delay. Robles Declaration, ¶17.

According to Officer Robles, a second FBI name check was initiated on February 7, 2006 and remains pending. It has been <u>two years</u> since the USCIS initiated the second name check. Defendant has not offered evidence to demonstrate that the FBI typically takes two years to respond to a name check initiated by the USCIS. Indeed, the history of plaintiff's case shows that the FBI responded in less than a week to the first name check. Officer Robles does not describe what, if any, subsequent effort the USCIS has made to obtain a response from the FBI. Officer Robles does not assert that the USCIS has even made an inquiry with the FBI to verify that the name check is being processed in the order received by the FBI. Robles Declaration, ¶17. 8 U.S.C. § 1105(a) vests the USCIS with authority to "maintain direct and continuous" contact with the FBI. Plaintiffs' application has languished unadjudicated because the USCIS has chosen not to exercise its statutory authority.

Defendants contend that plaintiffs case should not be ordered "to the front of the line" because it would come at the expense of others. Def's Motion, Pg. 11. Plaintiffs do not request expedited processing of Rosalinda Lopez's application. As observed in plaintiffs' motion for summary judgment, plaintiff's application is pending well beyond the agency's current processing date. See https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=69

Finally, defendants contend that plaintiff does not suffer a substantial adverse impact because of the delay in her case. This is simply not the case. As plaintiff explains in her motion for summary judgment, plaintiff suffers a financial hardship in having to apply for employment and travel

3

authorization. Moreover, if plaintiff travels outside of the United States before adjusting status she will render herself inadmissible for ten years. See Plaintiffs' Motion For Summary Judgment, Pg. 4.

### IV. CONCLUSION

For all of these reasons, plaintiffs submit that defendants' cross motion for summary judgment should be denied.

Dated: February 5, 2008

                                                                Respectfully submitted,

                                                                _____
                                                                JONATHAN M. KAUFMAN
                                                                Attorney for Plaintiffs